IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Stephen Quintana, *on behalf of himself
and all others similarly situated*,

        Plaintiff,

vs.

Valentine & Kebartas, LLC, Resurgent
Receivables LLC, and Resurgent Capital
Services L.P.,

        Defendants.

Case No.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. Plaintiff Stephen Quintana ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendants Valentine & Kebartas, LLC ("V&K"), Resurgent Receivables LLC ("RR"), and Resurgent Capital Services L.P. ("RCS") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided Albuquerque, New Mexico.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. RR is an entity that acquires debt in default merely for collection purposes.

7. RR is a passive debt buyer.

8. RR is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. RR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. After acquiring defaulted debts, RR outsources the management of its portfolio of accounts for collection to RCS.

11. After receiving assignment of debts from RR, RCS attempts to collect such debts by either contacting the consumers directly or referring the debt to another debt collector for collection.

12. RCS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. V&K is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. V&K is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. V&K is a "collection agency" as defined by the New Mexico Collection Agency Regulatory Act ("NMCARA"), N.M.S.A. § 61-18A-2(c).

## NEW MEXICO COLLECTION AGENCY REGULATORY ACT

17. The NMCARA "forbids a business from engaging in certain debt collection activities in New Mexico as a collection agency or a collection agency manager without first obtaining a license." *Lucero v. Bureau of Collection Recovery, Inc.*, No. CIV 09-0532 JB/WDS, 2012 U.S. Dist. LEXIS 26561, at *59 (D.N.M. Feb. 28, 2012) (citing N.M.S.A. § 61-18A-5).

18. To ensure that applicants for a license are qualified, the NMCARA requires an applicant to disclose "the applicant's personal history and experience," and authorization "to obtain information related to any administrative, civil or criminal findings by any governmental jurisdiction regarding the applicant."

19. The NMCARA empowers "[t]he director [of the financial institutions division of the regulation and licensing department to] establish and enforce such rules and regulations as may be reasonable or necessary for the examination and licensing of collection agencies . . . for the conduct of such persons and for the general enforcement of the various provisions of the Collection Agency Regulatory Act in the protection of the public." N.M.S.A. § 61-18A-4(A).

20. For example, the director may "establish . . . requirements for a license application as necessary including (1) background checks for criminal history through fingerprint or other databases; (2) civil or administrative records; (3) credit history; and (4) other information as deemed relevant and necessary by the director." N.M.S.A. § 61-18A-8.

21. The application must also identify "the name of the licensed manager who will be actively in charge of the collection agency for which the license is sought." N.M.S.A. § 61-18A-8(C).

22. To obtain a manager's license, an applicant "shall be examined concerning his competency, experience and knowledge of law and regulations by the director and on such pertinent subjects as the director shall require." N.M.S.A. § 61-18A-10(A).

23. The NMCARA requires any licensed manager to possess minimum qualifications for the protection of the public including, *inter alia*, having not been convicted of a felony or crime involving moral turpitude, passing an exam, having "been actively and continuously engaged or employed in the collection of accounts receivable for at least two of the [last] five years," and having good credit. N.M.S.A. § 61-18A-11.

24. The NMCARA further requires a collection agency to file a security bond of at least $5,000 for the benefit of the people of New Mexico. N.M.S.A. § 61-18A-15.

25. "With respect to foreign entities seeking to engage in debt collection in New Mexico, they must 'establish and maintain a full time bona fide collection agency in [New Mexico] at all times during the life of any license issued to it' to obtain a license." *Lucero*, 2012 U.S. Dist. LEXIS 26561 at *59-60. (citing N.M.S.A. § 61-18A-14).

26. The New Mexico agency must maintain its records in its "principal office in New Mexico," "conspicuously display" its license at the New Mexico office, and have "a licensed manager . . . be physically present at the licensee's office at least seventy-five percent of the time during which the office is open for business." N.M.S.A. §§ 61-18A-14, 18, 22; *see Lucero*, 2012 U.S. Dist. LEXIS 26561 at *60.

27. "Upon receipt of the license, the licensee has the right to conduct the business of a collection agency, repossessor, manager or solicitor with all the powers and privileges applicable thereto, contained in but subject always to all the provisions of the Collection Agency Regulatory Act and any rules and regulations established thereunder." N.M.S.A. § 61-18A-17.

28. Conducting business as a collection agency without a license is a fourth degree felony, while violation of any other provision is a misdemeanor. N.M.S.A. § 61-18A-6.

29. When an entity is not duly licensed and qualified as a collection agency, it is prohibited from sending written demands for payment of debts. N.M.S.A. § 61-18A-25.

## FACTUAL ALLEGATIONS

30. Plaintiff is a natural person allegedly obligated to pay a debt incurred in New Mexico.

31. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Credit One Bank, N.A. ("Credit One") credit account (the "Debt").

32. After default, Credit One sold the Debt.

33. The Debt was in default at the time RR acquired it.

34. RR uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

35. After acquiring the Debt, RR referred it to RCS for collection.

36. RCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

37. RCS regularly collects debts asserted to be owed or due to another.

38. After taking assignment of the Debt, RCS referred it to V&K for collection.

39. V&K uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

40. V&K regularly collects debts asserted to be owed or due to another.

41. V&K is not licensed as a collection agency in New Mexico.

42. Upon information and belief, V&K does not maintain a full time bona fide collection agency in New Mexico.

43. Upon information and belief, V&K's New Mexico collection agency license expired on June 30, 2016.

44. Thus, V&K was prohibited from collecting debts in New Mexico as of July 1, 2016.

45. But V&K did not cease collecting debt in New Mexico by July 1, 2016.

46. Upon information and belief, RR and RCS knew that V&K was not licensed to collect debts in New Mexico.

47. In connection with the collection of the Debt, V&K, on behalf of Defendants, sent Plaintiff initial written correspondence dated August 21, 2021.

48. The August 21, 2021 correspondence was Defendants' its initial communication with Plaintiff with respect to the Debt.

49. After receiving the August 21, 2021 correspondence, Plaintiff notified the New Mexico Regulation & Licensing Department ("NMRLD") of V&K's illegal collection attempts.

50. On September 16, 2021, the NMRLD issued a "Notice to Cease and Desist All Unlicensed Activity Immediately" to V&K.

51. As a result of Defendants' unlawful collection attempts, Plaintiff agreed to repayment arrangements with respect to the Debt and made his first payment towards the Debt that same day.

52. But for Defendants' illegal collection activities, Plaintiff would not have paid the Debt.

53. Upon information and belief, RCS earned a commission or fee for collecting the Debt.

54. Upon information and belief, RCS's commission or fee was paid out of the funds Plaintiff paid for the Debt.

55. But for Defendants' illegal collection activities, Plaintiff would not have paid the portion of the Debt that was paid to RCS as a commission or fee.

56. But for Defendant's illegal collection activities, RCS would not have been paid a commission or fee as a result of Plaintiff's payment of the Debt.

57. By sending Plaintiff written correspondence seeking to collect the Debt without V&K possessing a valid New Mexico collection agency license, Defendants took an action they could not legally take in connection with the collection of the Debt.

58. By sending Plaintiff written correspondence seeking to collect the Debt without V&K possessing valid New Mexico collection agency license, Defendants threatened to take an action they could not legally take—i.e., continue attempting to collect the Debt without valid a license.

59. By sending Plaintiff written correspondence seeking to collect the Debt without V&K possessing a valid New Mexico collection agency license, Defendants used false, deceptive, or misleading representations or means in connection with the collection of the Debt.

60. By sending Plaintiff written correspondence seeking to collect the Debt without V&K possessing a valid New Mexico collection agency license, Defendants used unfair or unconscionable means to collect or attempt to collect the Debt.

## CLASS ACTION ALLEGATIONS

61. Plaintiff repeats and re-alleges all factual allegations above.

62. In connection with the collection of alleged debts, V&K, itself and on behalf of Defendants, sent written correspondence to over 40 individuals in the State of New Mexico in the one year prior to filing this complaint.

63. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals (the "Class"):

> All persons with a New Mexico address to whom V&K sent written correspondence on behalf of Defendants, within the one year prior to the filing of this complaint, and in connection with the collection of a consumer debt.

64. The Class is averred to be so numerous that joinder of members is impracticable.

65. The exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

66. The Class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

67. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact

predominate over questions that may affect individual Class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

68. Plaintiff's claims are typical of those of the Class he seeks to represent.

69. The claims of Plaintiff and the Class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

70. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

71. Plaintiff will fairly and adequately protect the interests of the Class, and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Class.

72. Plaintiff is willing and prepared to serve this Court, and the proposed Class.

73. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent Class members.

74. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent Class members.

75. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members who are not parties to the action or could substantially impair or impede their ability to protect their interests.

76. The prosecution of separate actions by individual members of Class would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights.

77. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants acted or refused to act on grounds generally applicable to the Class, making final declaratory or injunctive relief appropriate.

78. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the Class predominate over any questions affecting only individual members.

79. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the Class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or Class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

80. Plaintiff repeats and re-alleges each factual allegation above.

81. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

82. Included as an example of conduct that violates section 1692e is the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

83. "Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights. Such threats can have real effects. The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical." *Captain v. ARS Nat. Servs., Inc.*, 636 F. Supp. 2d 791, 796 (S.D. Ind. 2009).

84. "To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has no legal authority, would defy the very purposes of the section, one of which is to prevent 'use of ... false ... means in connection with the collection of any debt.'" *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) (emphasis in original) (quoting 15 U.S.C. § 1692e).

85. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

86. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading means or representations in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative for the Class under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e with respect to Plaintiff and the Class he seeks to represent;

c) Awarding Plaintiff and the Class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of RR, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of RCS, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

g) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of V&K, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

h) Awarding Plaintiff and the Class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

i) Awarding Plaintiff and the Class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

87. Plaintiff repeats and re-alleges each factual allegation above.

88. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

89. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

90. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative for the Class under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692f with respect to Plaintiff and the Class he seeks to represent;

c) Awarding Plaintiff and the Class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of RR, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of RCS, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

g) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of V&K, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

h) Awarding Plaintiff and the Class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

i) Awarding Plaintiff and the Class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

91. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 20, 2021

                              Respectfully Submitted,

                              s/ Russell S. Thompson, IV
                              Russell S. Thompson, IV
                              Thompson Consumer Law Group, PC
                              11445 E Via Linda, Ste 2 #492
                              Scottsdale, AZ 85259
                              Telephone: (602) 388-8898
                              Facsimile: (866) 317-2674
                              rthompson@ThompsonConsumerLaw.com
                              Attorney for Plaintiff